IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE, WESTERH DIVISION

---

CASSANDRA REED,

      Plaintiff,

v.                                           No.:_____
                                                Jury Demanded

BLUFF CITY PARTNERS, LLC,

      Defendant.

---

## COMPLAINT

---

Comes now the Plaintiff, Cassandra Reed (hereinafter referred to as "Plaintiff"), by and through her attorney of record, Paul Forrest Craig, and sues the Defendant, Bluff City Partners, LLC (hereinafter referred to as "Defendant") and for cause would show unto the Court:

Parties

1. Cassandra Reed is a resident of the County of Shelby, State of Tennessee and resides at 4452 Hughes Meadow Dr., Memphis, TBN 38125.

2. Defendant, Bluff City Partners, LLC, is a limited liability company organized under the laws of the State of Tennessee with a principal place of business at 145 Court Ave., Ste. 100, Memphis, TN 38103 and may be served with process through its registered agent Mabra Holeyfield, 145 Court Ave., Ste. 100, Memphis, TN 38103.

Jurisdiction

The jurisdiction of this Honorable Court of the matters complained of herein is predicated and founded upon violations of Title VII of the Civil Rights Act (42 U.S.C. Sec. 2000e-2) for sexual discrimination (*quid pro quo* sexual harassment and hostile work environment sexual

harassment); and (42 U.S.C. Sec. 2000e-3) for retaliation for engaging in protected activity under Title VII.

Venue is proper as the events which make up this cause of action occurred in the Western District of the State of Tennessee.

That the damages sought in the matter in controversy and to which the Plaintiff believes she is entitled exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. 1332.

## Jury Demand

The Plaintiff demands a jury to try this cause when the issues are joined.

## Facts Common to All Claims

1. That Cassandra Reed (the "Plaintiff") is an African-American, female.

2. The Plaintiff, Ms. Reed was hired by Defendant Bluff City Partners, LLC as a bartender on July 7, 2015.

3. Defendant Bluff City Partners, LLC owned and operated a restaurant and bar known as Memphis Sounds Lounge which was located at 280 Island Drive, Memphis, TN 38103.

4. Ms. Reed continued in employment with the Bluff City Partners, LLC until July 12, 2017.

5. At the time of her termination, Ms. Reed in the position of a Bartender making a salary, including tips, of approximately $650.00 per week.

6. The alleged basis for the termination of Ms. Reed was the failure to follow the appropriate measuring technique for the making of drinks. However, at all times while in the employ of Defendant Bluff City Partners, LLC, Ms. Reed used the precise amount of measure

that was dictated by Defendant Bluff City Partners, LLC.

7. While in the employ of Defendant Bluff City Partners, LLC, the Plaintiff's immediate supervisor was Mr. Edward Dixon. Mr. Dixon's position with Defendant Bluff City Partners, LLC was that of Bar Manager. In this position of Bar Manager, he held the authority to hire, train and terminate employees. Mr. Dixon's authority to terminate employment extended to the Plaintiff in this cause.

8. On numerous occasions, Mr. Dixon asked Ms. Reed to go out on dates with him and involved request which were inappropriate in the workplace and which were sexual advances toward Ms. Reed in nature.

9. These requests from Mr. Dixon came in the form of verbal communication and also in the form of inappropriate text which Mr. Dixon sent to Ms. Reed.

10. At all times which Mr. Dixon made these requests of Ms. Reed, she refused the sexual advances that were made towards her.

11. After a lengthy period of refusing the advances of Mr. Dixon, Ms. Reed began to experience problems in the workplace which she had not previously experienced.

12. The problems in the workplace which Ms. Reed experienced included but were not limited to complaints about the manner in which she was making the drinks during the performance of her duties as a Bartender.

13. The primary complaint that Mr. Dixon had about Ms. Reed's work performance was the amount of liquor that was being used in making drinks. Defendant Bluff City Partners, LLC required that all drinks be made with 1.5 oz. of liquor. At all times, this was the precise amount of liquor that Ms. Reed used in the performance of her duties as Bartender.

14. During this period of time, Mr. Dixon's sexual advances continued towards Ms. Reed. She was led to believe that if she acquiesced to Mr. Dixon's advances that the alleged problems with her job performance would go away.

15. Ms. Reed reported the unwanted activity of Mr. Dixon to the owners of Defendant Bluff City Partners, LLC. Rather than take action to investigate or otherwise remedy the situation that was going on between Mr. Dixon and Ms. Reed, the Defendant allowed Mr. Dixon to terminate the employment of Ms. Reed.

16. There are non-female employees of the Defendant who are similarly situated who were treated more favorably than Ms. Reed.

17. That during the time Ms. Reed worked for the Defendant she received favorable annual performance evaluation.

18. At the time of her termination, Ms. Reed was qualified for the position that se held which is evidenced the history of favorable performance evaluations of the Plaintiff.

19. At the time of her termination, the Plaintiff was making an annual salary of approximately $33,800.00.

20. Based upon information and belief, the Plaintiff was replaced by an individual who was male.

21. Based upon information and belief, the Plaintiff was treated less favorable than similarly situated employee who were male.

22. Ms. Reed reported the inappropriate request of her immediate supervisor to the owners of Defendant Bluff City Partners, LLC. Rather than, take any action against her supervisor, the Defendant terminated the employment of Ms. Reed.

23. The inappropriate request of Mr. Dixon towards Ms. Reed constitutes acts of *quid*

*pro quo* sexual harassment. Further, the inappropriate actions of Mr. Dixon created a hostile work environment based upon sexual harassment for Ms. Reed.

24. The acts of sexual harassment allowed and condoned by Defendant Bluff City Partners, LLC constitutes acts of sexual discrimination in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. Sec. 2000e-2).

25. The termination of Ms. Reed was an adverse employment action taken against her by Defendant Bluff City Partners, LLC.

26. The termination of Ms. Reed is an act of retaliation for her engaging in activity which is protected under Title VII of the Civil Rights Act of 1964 (42 U.S.C. Sec. 2000e-3).

27. On or about January 5, 2018, Ms. Reed filed a charge of discrimination with the Equal Employment Opportunity Commission.

28. On or about May 22, 2019, the Plaintiff received a Notice of Right to Sue letter from the EEOC. (A copy of the Right to Sue letter is attached as Exhibit "A").

29. The Plaintiff seeks both compensatory (including but not limited to both front and back pay), liquidated and punitive damages, reinstatement, and contractual damages in an amount to be proven at a hearing of this cause for Defendant's sexual discrimination in violation of Title VII of the Civil Rights Act (42 U.S.C. Sec. 2000e-2)*,* and for retaliation in violation of Title VII of the Civil Rights Act (42 U.S.C. Sec. 2000e-3), pain and suffering, and other economic losses.

## Count One

### Sexual Discrimination in Violation of Title VII of the Civil Rights Act

30. The Plaintiff reiterates, restates and incorporates by reference all of the allegations contained in paragraphs 1-29 of the complaint as if set forth herein verbatim.

31. At the time of her termination, the Plaintiff was an African-American, female.

32. As a member of the female gender, the Plaintiff is a member of a protected class as defined under Title VII of the Civil Rights Act.

33. At the time of hers termination, the Plaintiff was qualified for the position of she held with the Defendant and had held with the Defendant since July, 2015.

34. That while the Plaintiff was in the employ of the Defendant, she received favorable performance evaluations.

35. The Defendant took adverse employment action against the Plaintiff when they terminated her on July 12, 2017.

36. Prior to her termination, the Plaintiff had been subjected to a series of sexual advances by her immediate supervisor. When the Plaintiff refused these sexual advances, she began to experience alleged problems with work performance that she had not previously experienced.

37. The supervisor of the Plaintiff who was making these sexual advances had the authority to terminate the employment of the Plaintiff.

38. The Plaintiff was led to believe that all of her alleged work issues would go away if she would be receptive to the sexual advances of her immediate supervisor.

39. The Plaintiff continued to refuse the sexual advances of her supervisor and would terminated from her employment with the Defendant.

40. Further, there were other employees, similarly situated as the Plaintiff, who were not female who did not suffer such adverse employment action.

41. Based upon information and belief, the Plaintiff was replaced by an individual who is not a member of a protected class as defined under Title VII of the Civil Rights Act.

42. The above actions of the Defendant, constitutes both *quid pro quo* and hostile work environment sexual harassment.

43. These actions of sexual harassment on the part of the Defendant constitute acts of sexual discrimination and prohibited employment practices as defined in Title VII of the Civil Rights Act of 1964.

44. That as a result of the Defendant's violation of the Title VII of the Civil Rights Act (42 U.S.C. 2000e-2—sexual discrimination) against the Plaintiff, the Plaintiff has suffered damages in an amount to be proven at a hearing of this cause.

## Count Two

### Retaliation in Violation of Title VII of the Civil Rights Act

45. The Plaintiff reiterates, restates and incorporates by reference all of the allegations contained in paragraphs 1-44 of the complaint as if set forth herein verbatim.

46. The Plaintiff reported the unwanted sexual advances of her immediate supervisor to the owners of Defendant Bluff City Partners, LLC.

47. In making this report to the owners of Defendant Bluff City Partners, LLC, the Plaintiff engaged in protected activity as defined in Title VII of the Civil Rights Act.

48. Rather than take any action on the reports of the Plaintiff, Defendant Bluff City Partners, LLC terminated the employment of the Plaintiff.

49. The termination of the Plaintiff constitutes an act of adverse employment action.

50. Given the proximity in time from the when the Plaintiff made Defendant Bluff City Partners, LLC aware of the workplace sexual harassment and the adverse employment action, the termination of the Plaintiff is an act of retaliation for the Plaintiff engaging in said protected activity.

51. This act of retaliation is in direct violation of Title VII of the Civil Rights Act.

52. That as a result of the Defendant's retaliation in Violation of Title VII of the Civil Rights Act (42 U.S.C. Sec. 2000e-3), the Plaintiff has suffered damages in an amount to be proven at a hearing of this cause.

WHEREFORE, premises considered, the Plaintiff prays:

1. That proper process and notice issue and be served upon the Defendant herein requiring it to answer this Complaint.

2. That the Plaintiff reserves the right to amend the complaint.

3. That upon a hearing of this cause that the matters in controversy be decided by a jury.

4. That upon a hearing of this cause, the Plaintiff be awarded damages both compensatory (including but not limited to both front and back pay), liquidated and punitive in a total amount to be proven at a hearing of this cause.

5. That the Plaintiff be reinstated to her position with the Defendant.

5. That upon a hearing of this cause, the Plaintiff be awarded attorney fees and appropriate court cost and expenses for having to bring this action.

6. For such other and further relief as may be just and proper within these premises.

Respectfully submitted,

s/Paul Forrest Craig
PAUL FORREST CRAIG (#018359)
Attorney for Plaintiff
2400 Poplar Ave., Ste. 210
Memphis, TN 38112
(901) 526-7837